INÉS RODRÍGUEZ OTERO, Plaintiff and Appellee, v. ELL TEE, INC., ET AL., Defendants and Appellants.

No. 8077. Argued January 28, 1941.—Decided January 31, 1941.

*J. Valldejuli Rodríguez* for appellants.   *E. Martínez Avilés* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

In this case the action was brought against Ell Tee, Inc. and Great American Indemnity Co. to recover compensation for damages alleged to have been suffered by the plaintiff as a result of the death of her sister Enriqueta Rodríguez Otero, which occurred when the latter was overrun by truck H-541, owned by the defendant, Ell Tee, Inc., and insured with the codefendant, Great American Indemnity Co. The defendant Ell Tee, Inc., was summoned. No summons was served on the Great American Indemnity Co. Ell Tee, Inc., failed to appear and after its default had been entered, the case was set for trial and included in the special calendar. Before the trial was held, the lower court called the attention of the attorney for the plaintiff to the fact that the insurance company had not been summoned, and thereupon said attorney asked the court to consider the action dismissed as to the said company. After the trial had been held, the court on November 4, 1938, sustained the complaint as against Ell Tee, Inc., and on the same day notice of the judgment was served on the defendant. At this stage, on the 3d of the following December, Ell Tee, Inc., and the insurance company Great American Indemnity Co. filed in the lower court a verified motion entitled "Motion to set aside the judgment, to open the default, and for leave to file the attached answer." A draft of the proposed answer duly verified was submitted on behalf of the two companies. On

the 8th of the same month, the plaintiff filed a lengthy motion, objecting to the setting aside of the judgment. A hearing was held and evidence was introduced on said motion, and on January 26, 1939, the lower court denied the same, and confirmed the judgment rendered against Ell Tee, Inc. Two days afterward, on January 28, 1939, the two companies filed a notice of appeal from the judgment and from the decision on the motion. Since that time, the case has come before this court twice on motions to dismiss the appeal (56 P.R.R. 718), once on certiorari, and finally on the present occasion, when we will pass on the merits of the appeal.

██ Although the Great American Indemnity Co. was a defendant in this action, it was never summoned, and prior to the holding of the trial the plaintiff dismissed the action as to that company and the suit was proceeded with against the other defendant, and, of course, no judgment was rendered against said insurance company. Hence, the said insurance company has no right to appeal from a judgment which was not rendered against it nor to invoke section 140 of the Code of Civil Procedure, in order to be relieved from the effects of said judgments. In this connection said section 140 provides:

". . . The court may likewise, in its discretion . . . relieve a party, or his legal representatives, from a judgment, order, or other proceeding *taken against him* through his mistake, inadvertence, surprise, or excusable neglect; . . ." (Italics ours.)

It might be argued that the insurance company had some interest in the judgment, but the fact is that the plaintiff was not bound to bring an action against it and said company at no time asked to intervene in the action as it well could have done, if it considered that its interests might suffer as a result of the rendition of the judgment against the insured. Therefore, as the insurance company lacks capacity to attack the judgment, we must disregard said defendant for the pur-

pose of this suit and focus our attention on the rights of the party against which the judgment was rendered, Ell Tee, Inc.

■ As the judgment against Ell Tee, Inc., was notified on November 4, 1938, and as, the motion to be relieved from the same did not suspend the time for appeal, a motion of reconsideration not being involved, when the notice of appeal · from the judgment was filed on January 28, 1939, the period of thirty days granted by law for filing the appeal had already fully expired. However, the appeal of Ell Tee, Inc., from the order of January 26, 1939, was timely taken. Therefore, our attention will be centered upon the question of determining whether or not the court made proper use of its discretion in denying the motion of the defendant Ell Tee, Inc., praying to be relieved from the judgment rendered against it. As we have already stated, the action was originally directed against the two companies in their respective capacities. It also appears from the evidence introduced at the hearing of the motion to be relieved from the judgment, that the attorney for the plaintiff on August 11, 1938, —nearly two months before the filing of the complaint— wrote to the insurance company and took the first steps looking to a compromise of the action. From said letter, defendant's exhibit 1, we take the following paragraphs:

"As you must be aware that from the beginning I have approached you in my capacity as attorney of Doña Inés, and as she has not withdrawn the authority which she originally conferred upon me, and as, on the other hand, said interested persons apparently do not allow you to ratify in writing the verbal contract entered into between us, I wish to warn you that in case an attempt is made to impose upon the good faith of another colleague, by entrusting this matter to him without advising him of the services which I have already rendered and without informing him that they have already granted said authority to me, you should let me know as soon as you may be officially notified thereof in order that I may be able to take the proper action in time for the purpose of protecting my rights.

"Until these doubts of mine are confirmed by the facts, I shall continue to legally represent Mrs. Inés Otero."

After the date last-above mentioned, the negotiations continued and the insurer offered up to $400, the plaintiff demanding the sum of $500 in order to compromise. Said negotiations were incessant, for, as appears from the letter of October 1, 1938 (defendant's exhibit 3), on said date the insurer wrote to the plaintiff's attorney as follows:

"E. Martínez Avilés, Esq.,
Arecibo, P. R.

Re: 12–M–6221, Enriqueta Rodríguez
Otero vs. Louis Tuttman.

"Dear Sir and Friend:

"We acknowledge receipt of your letter of September 21st last, regarding the above-entitled case, which we have not answered before as we were waiting for an answer from the company in connection with this matter.

"In view of the fact that our Mr. Carrión, to whom we entrusted this matter, among others, is now in New York, we have no doubt that soon we will have an answer from him, advising us as to the decision of the company with reference to this case, *at which time we will write you again advising you of the nature of said decision.*

"Very truly yours,

(Sgd.) D. R. CARRIÓN, INC."

(Italics ours.)

From the uncontroverted testimony given by the witness Rafael Porrata Doria, secretary and claim agent of the insurer, answering questions put by the attorney for the plaintiff, we take the following excerpt:

"Q. Was the complaint filed on October 4th?—Yes, sir.

"Q. After that, did I talk with you at any time?—Yes, sir.

"Q. Where?—At the office.

"Q. Regarding what?—Regarding that matter, that I should not answer, that I should wait.

"Q. Were those words spoken?—Yes, sir; otherwise, we would have answered just as we always do.—(Tr. of Ev., p. 21)."

In answer to questions put by the judge of the lower court, the same witness testified:

"Q.—Did the attorney at any time write you that he would not go on with the negotiations and that he would proceed with the suit? Did the attorney at any time tell you or write you stating that he considered the negotiations as ended?—The only letter which refers to that is the one of September 21, in which it is said: 'If in the course of the present week you fail to make an offer, I shall consider that you do not intend to make any'; but this letter was displaced by a telephone message to our representative Mayol, to be forwarded by Corbet to Martínez (attorney for the plaintiff) in the sense that there was no hurry, as he had a year to bring suit." (Tr. of Ev., p. 21.)

The attitude taken by the company may be inferred from Exhibit 3, above transcribed, setting forth the terms in which the letter of September 21 was answered.

It must be presumed that the insured knew of these negotiations between the attorney for the plaintiff and the insurance company, for it is a matter of common knowledge that in insurance policies covering motor vehicles it is generally provided that the insured, in case an action is brought against it, it must notify the insurance company by sending the latter a copy of the complaint, summons, etc., in order that the insurer may defend the action, and that if the insured fails to comply with that condition, the insurer shall be relieved from its liability under the policy. So that the defendant Ell Tee, Inc., in the absence of a notice that the plaintiff had broken off the negotiations with the insurer, was warranted in concluding that the same were still pending and for that reason failed to answer the complaint, which would have been a futile thing to do had the suit been compromised.

It might be argued that an officer of the defendant Ell Tee, Inc., called as a witness by the plaintiff, testified in the default proceedings, but from the record it does not appear when said witness was subpoenaed in order to determine whether the defendant did have sufficient time to file

its answer and defend itself at the trial. We are of the opinion that there was a reasonable excuse on the part of Ell Tee, Inc., for its failure to answer the complaint in time.

■ Moreover, there is a strong circumstance which should have moved the lower court to exercise its discretion in favor of setting aside the judgment, and that is, that neither from the complaint nor from the evidence does it appear that the plaintiff has any cause of action against Ell Tee, Inc.

Paragraph 6 of the complaint, wherein the capacity in which the plaintiff brings the action is set forth, reads as follows:

"6. That the plaintiff, in her capacity as sister, is the nearest relative left by said Enriqueta Rodríguez Otero, and that she has suffered damages in the sum of one thousand and sixty dollars ($1,060), one thousand dollars of which she estimates as a reasonable amount for the damages resulting from her mental suffering, the loss of the love and affection of her sister, and of the material aid which she received from the latter, and sixty dollars for the expenses incurred in the obsequies and burial of her aforesaid sister."

The complaint contains no allegation to the effect that the plaintiff is the sole heir of the deceased nor that the latter died without a will. The plaintiff, however, argues that the cause of action for damages arises from section 1803 of the Civil Code, and therefore the plaintiff, being a sister of the deceased, is entitled to indemnity.

In the case of *Ruberté* v. *American R. R.*, 52 P.R.R. 457, a father was awarded damage for the death of his son, of whom he was not an heir, since the son had left legitimate descendants. It was then said by this court:

"The fact was that Justo Ruberté not only had a duty to support his father but actually contributed to the support. The negligence of the defendant being established, it follows that a cause of action arose in Pablo Ruberté by reason of the death of his son."

The decision in the *Ruberté* case, *supra,* was predicated on the fact that the father had been deprived, by the negli-

gent act of the defendant, of continuing to receive from his son the support to which he was entitled as long as the latter lived.

According to section 143 of the Civil Code, the legitimate ascendants and descendants are bound to support each other; but this obligation does not exist as between brothers and sisters, unless the circumstances specified in said section are present, and in this case such circumstances do not appear either from the complaint or from the evidence on which the judgment was based. The cited section reads thus:

"Section 143.—The following are obliged to support each other, within the full meaning of the preceding section:

"1. Husband and wife.

"2. Legitimate ascendants and descendants.

"3. Parents and legitimatized children and the descendants of the latter.

"4. Parents and illegitimate children, and legitimate descendants of the latter.

"5. The adopter and the person adopted, excepting the provisions of section 136.

"Brothers and sisters also owe their legitimate brothers and sisters, even when only on the mothers's or the father's side, the aid necessary to maintain their existence, *when through a physical or mental defect or for any other cause not the fault of the person requiring support, the said person cannot provide for himself.* With such support are included the expenses necessary for the elementary education and teaching of a profession or trade." (Italics ours.)

The evidence fails to show that the plaintiff was dependent on the deceased for her support. The lower court so found, and in its decision of January 26, 1939, it said:

"Besides, in this case we had an opportunity to examine the evidence and we are convinced that there was a cause of action in favor of the plaintiff and, although we stated in our judgment that there was a certain circumstance which failed to show a serious negligence, and *that the plaintiff was not dependent for her support on the small income of Enriqueta Rodríguez Otero,* we did justice to the defendant by granting to her an extremely low compensation, and it

is our opinion that any decision rendered now, compelling the plaintiff to bring another expensive suit, would be contrary to a sound administration of justice.

"  *      *      *      *      *      *      *

"We are also convinced that, according to section 1803 and succeeding sections, which are in Puerto Rico the main source of actions for damages caused by fault or negligence, the plaintiff has a cause of action although she may not have been dependent for her support on the deceased because, as she is an heir of the latter, the law acknowledges that right in her favor, even though she does not live under the same roof or is not a dependent. The award granted is so small that merely by reason of the suffering of the plaintiff sister who was the nearest relative and the intestate heir a compensation of such a kind would be justified." (Italics ours.)

As we have seen, from the provisions of section 143, *supra,* and from the holding in the case of *Ruberté* v. *American R. R., supra,* the plaintiff, by the mere fact of her being a sister of the deceased, even assuming that she was dependent on the latter for her support, was not entitled to indemnity, as the circumstances enumerated in said section 143 are not present. In default of legitimate or legitimated ascendants and descendants, the collateral relatives and the surviving spouse shall inherit in the order established by sections 904 to 910 of the Civil Code (1930 ed.); but this does not mean that each brother or sister or collateral relative can by himself or herself bring a separate action for damages. In order that said action may prosper, it is necessary to allege and prove that the plaintiff or plaintiffs is or are the sole heir or heirs of the deceased. In the case at bar, not only was there no allegation that the plaintiff was the sole heir of the deceased, but also there was a failure to allege that the latter had not left any valid will: indispensable requisites for the legal succession to take place.

In view of the attendant circumstances the excusable neglect on the part of the defendant Ell Tee, Inc., in failing to answer the complaint, and of the additional circumstance that neither the complaint nor the evidence justify the judg-

ment rendered, we think that the trial court in furtherance of justice and in the exercise of the discretion conferred on it by section 140 of the Code of Civil Procedure, should have set aside the judgment rendered against Ell Tee, Inc., and allowed the plaintiff a reasonable time to amend her complaint; and in case the same was so amended, it should have granted to the defendant Ell Tee, Inc., a term to plead and allow the Great American Indemnity Co. to intervene in the action if it so requested by joining the defendant in opposing plaintiff's claim.

For the reasons stated, the appeals taken by the Great American Indemnity Co. from the order of January 26, 1939, rendered by the District Court of Arecibo and from the judgment of November 4, 1938, rendered against Ell Tee, Inc., must be overruled, and the appeal taken by the latter company from the aforesaid order of January 26, 1939, must be sustained and, consequently, the said order overruled and the above-mentioned judgment set aside and the case remanded to the lower court for further proceedings not inconsistent with this opinion.